# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2012

Lyle W. Cayce
Clerk

No. 11-50740
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISRAEL CENTENO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-76-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Israel Centeno Rodriguez (Centeno) appeals the 24-month term of imprisonment imposed following the revocation of his supervised release for failure to register as a sex offender. He argues that his sentence, which exceeds the advisory sentencing guidelines range but is within the statutory maximum, is plainly unreasonable because the district court failed to give any reasons for imposing such a lengthy sentence. Centeno asserts that one explanation for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

lengthy sentence is that the district court improperly calculated the guidelines range.

Because Centeno failed to object in the district court to the adequacy of the reasons supporting the sentence and the calculation of the guidelines range, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett*, 556 U.S. at 135. If the defendant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In choosing a sentence, a court must consider most of the factors enumerated in 18 U.S.C. § 3553(a), including the policy statements found in Chapter Seven of the Guidelines. 18 U.S.C. § 3583(e)(3); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Although the district court did not expressly cite to § 3553(a) in imposing the sentence, before imposing the sentence, the district court listened to the Government's argument that Centeno could not follow rules, as evidenced by the fact that he had previously violated some of the same terms of supervised release. The written order also reflects that the district court considered the need to protect the public from further crimes and the history and characteristics of the defendant. Even if the district court erred in failing to adequately identify the reasons for the sentence, any error will not warrant relief unless Centeno can show that the error affected his substantial rights. *See Puckett*, 556 U.S. at 135. Centeno has not made this showing. He does not argue that if the case was remanded for resentencing, the district court could not impose the same 24-month revocation sentence. Nor has he explained how a more detailed reasoning process might have led the court to select a lower sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009).

No. 11-50740

In addition, Centeno has not shown that the district court committed error, plain or otherwise, in calculating the sentence because the probation officer's violation worksheet specifies the 6-12 month range of imprisonment was based on Centeno's Class C violations and criminal history category of IV. *See Puckett*, 556 U.S. at 135. Finally, contrary to Centeno's argument, the 24-month sentence imposed in Centeno's case is not substantively unreasonable. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.